(91 Misc. Rep. 265)

### DISTRICT NURSING ASS'N OF BUFFALO v. KOERNER.

(Supreme Court, Special Term, Erie County.   July 2, 1915.)

**1. TRUSTS ⬳91—ESTABLISHMENT—SUBJECT OF TRUST.**

Property was left to defendant's intestate, after he should carry out requests made to him in the lifetime of his testatrix as to the disposition of the estate for charitable purposes.  Pursuant to such direction, defendant's intestate agreed with a free nursing association to pay the salary of a third nurse so long as the association should support the other two, and stated that such payments should be out of funds left by his testatrix for that purpose.  Such payments were made until his death intestate, leaving defendant as his sole heir, at law.  *Held*, that there was no trust ex maleficio in favor of  plaintiff nursing association, since there was no specific fund to which it could attach.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 139;  Dec. Dig. ⬳91.]

**2. TRUSTS ⬳91—ESTABLISHMENT—SUBJECT OF TRUST.**

A trust ex·maleficio in favor of a charitable institution will not be impressed upon property inherited by defendant from one who, pursuant to directions in a will, had made payments to plaintiff institution out of property left him for that purpose by his testatrix, where there was no proof that defendant became possessed of such property.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 139;  Dec. Dig. ⬳91.]

**3. TRUSTS ⬳91—ESTABLISHMENT—DURATION.**

A trust ex maleficio will not be impressed upon property inherited by defendant from one who had made payments to plaintiff under the directions of a will in which he was legatee, where the duration of the trust claimed to have been established is entirely indefinite.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 139;  Dec. Dig. ⬳91.]

**4. TRUSTS ⬳91—ESTABLISHMENT—SUCCESSION OF TRUSTEES.**

Where defendant's intestate had, pursuant to directions in a will to carry out the charitable purposes of the testatrix, made payments to plaintiff nursing association, his property in the possession of his sole heir could not be impressed with a trust, since, if defendant's intestate was a trustee, there was nothing to indicate who or how many others should become trustees at his death.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 139;  Dec. Dig. ⬳91.]

**5. PERPETUITIES ⬳6—ESTABLISHMENT—RULE OF PERPETUITIES.**

A trust ex maleficio does not arise, where it is not absolutely confined to two lives in being.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–47, 49–53, 56;  Dec. Dig. ⬳6.]

**6. PERPETUITIES ⬳6—SUSPENSION OF OWNERSHIP.**

The question of lawful or unlawful suspension of absolute ownership is not to be determined from what actually happens, but upon what may happen under the terms of a will on the death of the testator.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–47, 49–53, 56; Dec. Dig. ⬳6.]

Action by the District Nursing Association of Buffalo against Hazel M. Koerner to establish a trust.   Complaint dismissed.

Lewis & Montgomery, of Buffalo, for plaintiff.
Rebadow, Ladd & Brown, of Buffalo, for defendant.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

TAYLOR, J. For many years prior to her death in 1892 Elizabeth C. Marshall, of this city, took an active interest in assisting various charities in the city of Buffalo, particularly the free nursing charity enterprise carried on by this plaintiff. Largely through her efforts the said enterprise was incorporated in 1891. In 1888 Miss Marshall made a will, in which she substantially left all her property to her brother, Charles D. Marshall, "after carrying out any requests which I may make to him in my lifetime as to the disposition of my estate for charitable objects." After the death of Miss Marshall, and in March, 1892, Charles D. Marshall wrote a letter to one of the directors of the plaintiff, in which he mentions the fact that his sister (Elizabeth C. Marshall) had "expressed a desire to aid the association in some way after her power to give it her personal care and assistance should have ceased, leaving the method of carrying out her wish to me." In this letter Mr. Marshall further says that he does not think that this can be done better than supplying the need referred to by said direction of the plaintiff—that is to say, the need of a third nurse; and Mr. Marshall goes on to say that he will therefore pledge himself in his sister's name to pay $50 a month, the salary of the third nurse, so long as the association shall support the other two. He further goes on to say in this letter that the plaintiff should understand clearly "that this is Lizzie's bequest, and will be paid out of funds left by her for that purpose." Mr. Marshall went on and paid $50 a month to the plaintiff from this time until his death in 1908, a period of 16 years. Shortly before his death the payments ceased. Mr. Marshall died intestate, and left all his property to his adopted daughter, this defendant. The plaintiff claims that the property of this defendant should be impressed with a trust in favor of the plaintiff in some manner, so that the plaintiff shall receive, so long as it shall exist, as I take it, the sum of $50 a month from the estate left by Elizabeth C. Marshall.

[1] Assuming that the wording of the will of Elizabeth C. Marshall and her connection during her lifetime with the plaintiff and its work, taken with the said letter written to Mrs. Bell by Charles D. Marshall, and the payment by the latter, from 1892 to 1908, of $50 a month to the plaintiff for nurse hire, show a disposition on the part of both Elizabeth C. Marshall and Charles D. Marshall to assist this worthy charity, is there sufficient shown thereby and in addition thereto to warrant my finding a trust ex maleficio in favor of the plaintiff, substantially in perpetuo? If the answer to that be "No," then it seems to me that I cannot find that a lump sum should be turned over to the plaintiff sufficient to give it an annual income of $600, for in effect that would amount to the same thing practically as the perpetual trust. So what have I before me, in addition to the facts above assumed: (1) The leaving by will of property, whose value is not definitely shown, to Charles D. Marshall by Elizabeth C. Marshall. (2) That the defendant, as sole heir, inherited the property of Charles D. Marshall.

[2-5] There is no specific fund to which the claimed trust attaches. There is no definite proof that this defendant became possessed of any of the property left by Elizabeth C. Marshall. The duration time

of the claimed trust is entirely indefinite, and therefore such trust is invalid. Even if there were a trust created in Charles D. Marshall, there is nothing to indicate who or how many others should become trustees in turn at the death of Charles D. Marshall. Then, too, to render this a valid trust, it must have been absolutely confined to two lives in being. As Judge Cullen says in Matter of Mount, 185 N. Y. 169, 77 N. E. 1001, quoting from Schettler v. Smith, 41 N. Y. 328:

"It is not sufficient that the estate attempted to be created may, by the happening of subsequent events, be terminated within the prescribed period, if such events might so happen that such estates might extend beyond such period. In other words, to render such future estates valid, they must be so limited that in every possible contingency they will absolutely terminate at such period, or such estates will be held void."

[6] The rule is that the question of lawful or unlawful suspension of absolute ownership is not to be determined from what actually happens, but upon what may happen under the terms of the will at the date of the death of the testator. I can reach no conclusion other than that Charles D. Marshall was financially generous to the plaintiff for his sister's sake, and perhaps partially through his own inclinations, for 16 years; that, whatever the desires of Elizabeth C. Marshall may have been, she failed to create any valid trust in favor of this plaintiff that would have bound even Charles D. Marshall, much less this defendant.

The complaint should be dismissed on the merits, but without costs.